

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JULIAN GARCIA MONTANEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. _____ |
| | § | |
| AMO ENTERPRISES, INC. d/b/a | § | |
| VISTA CENTRAL MARKET, AMO | § | |
| ENTERPRISES INC. d/b/a VISTA FOODS | § | |
| WORK RELATED INJURY PLAN, and | § | |
| PROCESS ONE TPA L.L.C. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW JULIAN GARCIA MONTANEZ ("Plaintiff"), and files this Complaint against Defendants AMO ENTERPRISES, INC. d/b/a VISTA CENTRAL MARKET, (Defendant "AMO"), AMO ENTERPRISES, INC. d/b/a VISTA FOODS WORK RELATED INJURY PLAN (Defendant "PLAN"), and PROCESS ONE TPA L.L.C. (Defendant "PROCESS") (collectively, "Defendants") and for causes of action would respectfully show this honorable Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a resident of El Paso County, Texas.

2.      Defendant AMO ENTERPRISES, INC. d/b/a VISTA CENTRAL MARKET ("AMO") and Defendant AMO ENTERPRISES, INC. d/b/a d/b/a VISTA FOODS WORK RELATED INJURY PLAN ("Plan") is a Texas Corporation doing business in El Paso County, Texas, and may be served with process by serving its registered agent ARMANDO PINA, or any other authorized officer or agent therein at 121 N. Kenazo, El Paso, Texas 79928, and/or where ever

may be found.  Defendant Plan may be sued as a separate legal entity for money judgments under ERISA.  *See* ERISA § 502(d), 29 U.S.C. § 1132(d).

3.     Defendant PROCESS ONE TPA L.L.C. ("PROCESS") is a Texas corporation and may be served with process by serving its registered agent Gary L. Spring Jr., 6907 Capital of Texas Hwy, Austin, TX 78731, or by serving its President or other officer authorized to accept service of process wherever he or she may be found.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has personal jurisdiction over the parties, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2), because some of the parties reside within the Western District of Texas and a substantial part of the acts and omissions that give rise to the claims in the Complaint occurred within the Western District of Texas.

## II. GENERAL ALLEGATIONS

5.     This is an action for damages, including without limitation actual and liquidated damages, injury plan benefits, and other legal and equitable relief to secure the rights and redress the injuries of Plaintiff under the laws of the United States based on the wrongful actions of Defendants which constitute unlawful denial of benefits and breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq, and unlawful interference, discrimination, and/or retaliation against Plaintiff in violation of ERISA § 510, 29 U.S.C.  § 1140 et. seq., as further described below.

6.     Plaintiff is a covered employee under ERISA.

7.     Plaintiff was injured on or about May 9th, 2011 while in the course and scope of his employment with Defendant AMO. Plaintiff suffered serious, bilateral knee injuries when he

2

tripped over pallet wires that had been left near the ground by others.

8.    At the time of Plaintiff's injury, Defendant AMO did not have worker's compensation insurance for its employees and was a non-subscriber under the Worker's Compensation Act of this State.

9.    At the time of Plaintiff's injury and all events that give rise to this suit, Defendant AMO had an insurance policy in effect, self-administered by Defendant AMO, that constituted a plan covered by ERISA ("ERISA Plan" or "Plan"). Defendant PROCESS is the Third Party Administrator of the Plan.  Plaintiff is a participant in the ERISA Plan because he is an "employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ..." ERISA § 3(7), 29 USC § 1002(7). Plan benefits are paid "solely out of the general assets of such Employer [Defendant AMO]."

10.    Upon information and belief, Defendant PROCESS at all relevant times participated in the administration and management of Defendant AMO's Work Related Injury Plan.

11.    Plaintiff is a beneficiary of the ERISA Plan because he is a "person . . . by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." ERISA § 3(8), 29 USC § 1002(8).

12.    Defendants are fiduciaries under ERISA because they are a person or entity that (i) is a named fiduciary in the plan document, (ii) functionally exercises discretion or control over the management of the plan or the management or disposition of plan assets; or (iii) has discretionary authority or responsibility over the administration of the plan. ERISA § 3(21), 29 USC § 1002(21).

13.    Plaintiff was entitled to receive benefits of weekly compensation and medical

3

benefits from Defendants during his incapacity under the ERISA Plan.

14.     Defendants were contractually and legally obligated to provide benefits to Plaintiff under the ERISA Plan, but Defendants failed and refused to pay benefits for which Defendants were liable under the ERISA Plan.

15.     Defendants failed and refused to pay Plaintiff's benefits to which he was entitled to receive under the ERISA Plan, and had no reasonable basis to justify its non-payment of benefits, and was arbitrary and capricious in its refusal to pay benefits.

16.     Defendants refused to pay such benefits to Plaintiff, even though liability under the ERISA Plan was reasonably clear. Defendants denied Plaintiff's benefits under the AMO Work Related Injury Plan claiming Plaintiff's bilateral lateral meniscal tears and resulting damages to both knees was "pre-existing." This despite, Plaintiff's treating physician, Terren Klein M.D. (a Board Certified Orthopedic Surgeon) providing Defendants with the following medical opinion:

> **At this time with the history of no previous problems of the knee and then a traumatic event at work on 5/9/2011 with subsequent pain and symptoms that he describes consisting of locking and giving away, it is my opinion that his current condition is as a result of his work related injury.**

17.     Rather than pay such benefits to Plaintiff as Defendants were contractually and legally obligated to do, from the inception of his work-related injury in May 2011, Defendants discriminated and retaliated against Plaintiff for seeking to recover benefits under the Plan, and Defendant AMO wrongfully terminated Plaintiff's employment on or about July 27, 2011, in retaliation for seeking to recover benefits under the Plan, for seeking to exercise rights to which he is entitled under the Plan, and/or to avoid paying benefits to which he was entitled to receive under the ERISA Plan.

4

18.     For example, from the day of his injury, Defendant AMO took steps to try to prevent Plaintiff from recovering benefits under the Plan.  Shortly after Plaintiff's incident and injuries, but **prior** to his unlawful termination – Defendant AMO demanded that Plaintiff sign a "***settlement of all claims***" that Plaintiff was unwilling to sign.  Upon information and belief (and based on Defendant AMO's prior pattern and practice of asking injured employees to sign a similar "***release***" after they were injured), Defendant AMO's purported "***settlement of all claims***" required Plaintiff to state that his injury was "*personal*" and that he "*does not hold Vista or such insurance liable for any bills incurred*" and that Plaintiff "*asks for unpaid time off to recover from such injury. At which point will be able to perform my normal job duties and tasks,*" which was untrue.

19.     Defendant AMO also demanded that Plaintiff return to a purported "light duty" position or face termination. The purported "light duty" position was a pretext used to attempt to wrongfully deny Plaintiff benefits he was entitled to receive under the Plan and/or wrongfully deny his protected rights under ERISA and/or to terminate Plaintiff in retaliation for seeking to recover benefits under the Plan.  Plaintiff was not physically able to return to work at that time. Defendant AMO manufactured a "door greeter" position for Plaintiff. The door greeter position required Plaintiff to hand out ads or specials to customers, clean the entrance area, including sweeping, and taking trash out of shopping carts.

20.     Since Defendant AMO had manufactured a "new" position that Defendant AMO required the Plaintiff to perform, but which Plaintiff could not perform, and because Plaintiff's claim was wrongfully denied, Plaintiff was prevented from recovering medical and wage benefits he was legally entitled to under the Plan. Plaintiff could not effectively perform the position due to his injuries and his doctor's recommendation that he have surgery on both knees. As a result, on or about

5

July 27, 2011, Defendant AMO wrongfully terminated the Plaintiff's employment and claim in an effort to avoid paying medical and wage benefits owed under the Plan, and in retaliation for seeking to recover benefits under the Plan.

21.     Defendant AMO's claimed reason for terminating Plaintiff was pretextual. Defendant AMO repeatedly discriminated and retaliated against Plaintiff for seeking to recover benefits under the Plan, and ultimately terminated Plaintiff from his employment in July 2011 in retaliation for his seeking to recover benefits under the Plan, for seeking to exercise rights to which he is entitled under the Plan, and/or to avoid paying benefits to which he was entitled to receive under the ERISA Plan, for which Plaintiff now seeks damages and other appropriate relief as allowed by law.

22.     As a result of Defendants' denial of benefits and discrimination and retaliation against Plaintiff for seeking to recover benefits and/or seeking to exercise his rights under the Plan, Plaintiff suffered damages, including without limitation loss of employment, past and future loss of wages and other employment-related benefits, past and future loss of benefits to which he is entitled under the Plan, medical bills, medical treatment, and other medical expenses incurred, damage to his credit reputation, mental anguish, enhanced pain and suffering, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

### III. CLAIMS UNDER ERISA

23.     Plaintiff realleges the foregoing paragraphs.

24.     This claim is brought in the district where the Plan is administered, where the breach and discriminatory and retaliatory conduct took place, and/or where Defendants reside or may be found. ERISA § 502(e)(2), 29 USC § 1132(e)(2).

25.     To the extent necessary, Plaintiff has exhausted his administrative remedies under the

6

Plan, or such exhaustion of remedies is not required and/or would have been futile, and Plaintiff has complied with all conditions precedent necessary to bring the claims set forth herein.

**A.      Count I: Claims for discrimination/retaliation under ERISA § 510, 29 USC §1140.**

26.      Plaintiff realleges the foregoing paragraphs.

27.      Pursuant to ERISA § 510, 29 USC § 1140, Defendant AMO caused Plaintiff to be discharged, fined, suspended, expelled, disciplined and/or discriminated against for exercising rights to which he is entitled under the ERISA Plan, in violation of ERISA § 510, 29 USC § 1140, for which Plaintiff seeks damages and other appropriate relief as allowed by law.

28.      As a result of Defendant AMO's discrimination and retaliation against Plaintiff for seeking to recover benefits and/or exercising rights to which he is entitled under the ERISA Plan, Plaintiff suffered damages, including without limitation loss of employment, past and future loss of wages and other employment-related benefits, past and future loss of benefits to which he is entitled under the Plan, medical bills, medical treatment, and other medical expenses incurred, damage to his credit reputation, mental anguish, enhanced pain and suffering, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

**B.      Count II: Claims for denial of benefits under ERISA § 502(a)(1)(B).**

29.      Plaintiff realleges the foregoing paragraphs.

30.      Pleading alternatively, and without waiving the foregoing, pursuant to ERISA § 502(a)(1)(B), 29 USC § 1132(a)(1)(B), Plaintiff seeks to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, and to clarify his rights to future benefits under the terms of the Plan. Plaintiff was wrongfully and improperly denied benefits under the plan by Defendants, including benefits for past and future medical care, benefits for past and

future loss of wages and income, and other benefits provided for in the Plan.

31.    Plaintiff timely made a claim for benefits under the ERISA Plan and did all things requested of him by the ERISA Plan. Defendants wrongfully denied benefits due to Plaintiff under the terms of the plan in one or more of the following ways:

a.    Wrongfully terminating medical, compensation and other benefits when the physicians and other health care providers found Plaintiff's injuries were injuries covered under the Plan.

b.    Wrongfully terminating medical, compensation and other benefits without reasonable reliance on any medical opinion.

c.    Failing to pay 100% of Plaintiff's compensation from the date of the covered injury, as  required under the Plan.

d.    Denying Plaintiff's claim for benefits under the Plan without reasonable justification for doing so, and which was arbitrary and capricious.

e.    Refusing to rely on medical opinions of treating physicians and other health care providers who advised the Plaintiff's injuries were covered under the Plan.

f.    Refusing to pay for the treatment rendered to the Plaintiff which was authorized under the Plan.

g.    Failing to timely provide Plaintiff with a written explanation of why he was denied payment of benefits under the Plan.

h.    Failing to timely provide Plaintiff with a copy of the plan when requested, and statements, schedules and benefits as required by 29 USC § 1022 and other provisions under ERISA.

I.    Failing to give Plaintiff an opportunity for full and fair review of denial of the claim, as required by 29 USC § 1133.

j.    Discriminating against Plaintiff as a result of Plaintiff exercising his rights under the ERISA Plan, and causing Plaintiff to be wrongfully discharged and terminated in order to avoid paying benefits lawfully due and owed to Plaintiff under the Plan, in violation of 29 USC § 1140-41.

32.    As a result of Defendants' wrongful denial of benefits contractually and lawfully

8

owed to Plaintiff under the ERISA Plan, Plaintiff suffered damages, including without limitation all past and future loss of benefits to which he is entitled under the Plan, damage to his credit reputation, consequential and incidental damages and attorney's fees, to the full extent such damages are allowed by law.

**C.      Count III: Claims for breach of fiduciary duty under ERISA 502(a)(3) and 409(a).**

33.      Plaintiff realleges the foregoing paragraphs.

34.      Pleading alternatively, and without waiving the foregoing, pursuant to ERISA §502(a)(3), 29 USC § 1132(a)(3), and ERISA 409(a), 29 USC 1109(a), Defendants breached their fiduciary responsibilities, obligations, and duties in its denial and refusal to provide Plaintiff benefits under the plan without a reasonable basis for such refusal, in violation of 29 USC § 1104(a), for which Plaintiff seeks all relief as allowed by law.

**D.      Count IV: Claims for statutory violations under ERISA 502(a)(1)(A).**

35.      Plaintiff realleges the foregoing paragraphs.

36.      Pleading alternatively, and without waiving the foregoing, pursuant to ERISA §502(a)(1)(A), 29 USCA § 1132(a), Defendants failed and refused to comply with Plaintiff's requests for information relative to the ERISA Plan, which Defendants were required to furnish to Plaintiff under applicable law; and Defendants continued to fail and refuse to provide such information as requested until suit was filed, in violation of 29 USC § 1132( c), for which Plaintiff seeks statutory penalties as allowed by law.

37.      The above acts and conduct of Defendants as described above violated Plaintiff's federally-protected rights under ERISA. Defendants are liable for the acts of their supervisors and employees, and Defendant AMO is liable for the acts and omissions of Defendant PROCESS and

as the self-appointed Administrator under the Plan, for damages suffered by Plaintiff under principles

of *respondeat superior* and agency, and the above-described acts and conduct of Defendants

constitute willful and intentional interference, discrimination, and/or retaliation in violation of

ERISA § 510, 29 USC § 1140. Defendants are jointly and severally liable under doctrines of agency,

actual and/or apparent authority, contractual agency, civil conspiracy, joint enterprise, and alter

ego/piercing the corporate veil.

## IV. RELIEF REQUESTED UNDER ERISA

38.   Plaintiff realleges the foregoing paragraphs.

39.   As a result of Defendants' wrongful conduct, Plaintiff suffered the following

damages:

a.   nonpayment of benefits allowed under the Plan.
b.   loss of employment, past and future wages and other employment-related benefits
c.   health care and medical provider bills and expenses.
d.   delay and/or denial of reasonable and necessary medical care.
e.   damage to Plaintiff's credit and reputation.
f.   mental anguish in the past and into the future.
g.   consequential damages and incidental damages.
h.   attorneys' fees as provided by 29 USCA § 1132 and by law.
I.   statutory penalties for failure to comply with ERISA's statutory requirements.
j.   punitive damages, to the extent such damages are allowed by law.
k.   all other damages as allowed by law.

40.   Plaintiff seeks to recover past and existing benefits due under the terms of the ERISA

plan. Plaintiff requests the Court clarify his right to future benefits under the terms of the ERISA

plan. Plaintiff seeks money damages for Defendants' discriminatory and retaliatory conduct, breach

of its obligation to pay Plan benefits, breach of fiduciary duty, and other wrongful actions, and for

all equitable relief provided under ERISA and otherwise by law, including without limitation the

equitable remedy of reinstatement of employment and reinstatement of benefits due and owed under

the Plan, and asks the Court order Defendants to provide benefits owed to the Plaintiff under the terms of the Plan, and for all other equitable relief to make Plaintiff whole as allowed by law.

41.     Plaintiff pleads for extracontractual damages, including but not limited to consequential damages, incidental damages, damages for Plaintiff's loss of credit and reputation, and damages for mental anguish in the past and into the future, to the extent such damages are allowed by law, and/or to preserve the issue for potential appellate review. *But see Mass Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S. Ct. 3085, 87 L.Ed. 2d 96 (1985); *Mertens v. Hewitt Associates,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 161 (1993).

42.     Defendants acted intentionally, knowingly, recklessly, and with malice in interfering with Plaintiff's right to benefits under the Plan, and in discriminating and retaliating against Plaintiff for seeking to recover benefits and/or exercise his rights under the Plan. Plaintiff seeks punitive damages against Defendants for their willful, intentional, and malicious conduct, to the extent such damages are allowed by law, and/or to preserve the issue for potential appellate review. *But see Mertens,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 161 (1993).

43.     Plaintiff seeks prejudgment interest on all monies retained by the Plan that rightfully belonged to the Plaintiff, as to allow the Defendants to profit from their wrongful acts would amount to unjust enrichment. Plaintiff seeks all other prejudgment and postjudgment interest at the maximum rate as allowed by law.

44.     Plaintiff requests the Court award reasonable attorneys' fees and costs, as provided for under ERISA and as allowed by law.

45.     Plaintiff respectfully requests a trial by jury of the issues in this case, to the extent a jury trial is permitted, and/or to preserve the issue for potential appellate review.

11

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against Defendants for all relief requested, including without limitation, reinstatement of employment, all actual damages and other equitable relief to be made whole as allowed by law, incidental and consequential damages, punitive damages to the extent such damages are allowed by law, attorney's fees, together with prejudgment and post-judgment interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 voice
(915) 532-1759 facsimile

/s/ Joseph Isaac
**JOSEPH ISAAC**
State Bar No.: 24059999
**JEFFREY B. POWNELL**
State Bar No. 16222900

12